Stephen F. Roth (SR 0352)
Scott E. Charney (SC 6959)
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:   908.654.5000
Fax:  908.654.7866

*Attorneys for Plaintiff Oilmatic Systems, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OILMATIC SYSTEMS, LLC, | : |
| | : Civil Action No. |
| Plaintiff, | : |
| v. | : |
| | : |
| RESTAURANT TECHNOLOGIES INC., | : |
| | : |
| Defendant. | : |
| | x |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Oilmatic Systems, LLC, a New Jersey corporation with headquarters at 155 Smith Street, Keasbey, New Jersey 08832 ("Oilmatic"), for its complaint against defendant Restaurant Technologies, Inc., a Delaware Corporation with a principal place of business at 940 Apollo Road, Suite 110, Eagan, Minnesota 55121 ("RTI"), says:

## NATURE OF THE SUIT

This is an action for tortious interference, unfair competition, antitrust, and declaratory judgment arising from RTI's baseless suits and threats against customers of Oilmatic. Such actions have injured the goodwill and reputation of Oilmatic and damaged it in its business relations. The actions have also caused irreparable harm in that

623567_1.DOC

a cloud of suspicion is presently placed over the goods and services provided by Oilmatic.

## JURISDICTION AND VENUE

1. This action is between citizens of different states in which Oilmatic seeks declaratory, compensatory, and injunctive relief from acts of the defendant arising out of the Sherman Act, 15 U.S.C. § 2, the unfair competition and patent laws of the United States, 35 U.S.C. § 1 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201-02, the Unfair Competition Laws of the State of New Jersey, and New Jersey common law.

2. The claims alleged in this Complaint arise in the State and District of New Jersey and elsewhere.

3. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the United States patent laws (35 U.S.C. §§ 1 *et seq.*).

4. This Court has jurisdiction over Oilmatic's claims of unfair competition arising under state law pursuant to 28 U.S.C. § 1338(b), as well as pendant jurisdiction over those and the remaining claims.

5. This Court has supplemental jurisdiction over Oilmatic's state law claims set forth in this Complaint pursuant to 28 U.S.C. § 1367(a).

6. This Court has jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity between Oilmatic and RTI, and the amount in controversy exceeds the sum or balance of $75,000, exclusive of interest and costs.

7. Venue is proper in this district under 28 U.S.C. § 1391, as defendant does business in this district, and upon information and belief, has sold or has attempted to sell products in this district that are directly related to this suit. The defendant has also conducted other acts directly related to this suit within this jurisdiction.

8. Defendant has substantial contacts with this district, directs its business to this district, enters contracts in this district, or otherwise has sufficient contacts with this district to confer jurisdiction on this Court.

9. Defendant is now, and at all times relevant to this Complaint, has been, subject to personal jurisdiction in the State and District of New Jersey.

## PARTIES

10. Plaintiff Oilmatic Systems, LLC is a New Jersey corporation with offices at 155 Smith Street, Keasbey, New Jersey 08832.

11. Defendant Restaurant Technologies, Inc. is a Delaware corporation with offices at 940 Apollo Road, Suite 110, Eagan, Minnesota 55121.

## BACKGROUND

12. Oilmatic is a manufacturer of a patented bulk cooking oil supply and management system. The Oilmatic system is highly regarded in the industry because it is more universal yet more simple than competing systems. Customers appreciate the simplistic design, which is capable of use with all customers' fryer vats whether or not the fryer vats include filters.

13. The patented Oilmatic system generally comprises a fresh oil tank, a waste oil tank, and piping from each tank connected along parallel paths to pumps, the piping

then leading to a Dipstick™ nozzle that may be dipped into a fryer vat in order to fill or remove cooking oil through either of the independent pipe paths. When not in use, the Dipstick™ nozzle typically remains separate and apart from the fryer vat, and is often hung on an adjacent wall. The Oilmatic system itself contains no filter.

14. Oilmatic also provides servicing of its systems, such as periodic removal of the waste oil from the waste oil tank and filling of the fresh oil tank with fresh oil.

15. Many restaurant owners find the simple Oilmatic system to be a much more convenient method of handling cooking oil than other conventional methods.

16. Customers also find the Oilmatic system to be safer than conventional systems, which typically require manual transport of either or both fresh and used oil. For example, the Oilmatic system eliminates the need to purchase new oil in boxes, which are heavy and may cause splashing of heated oil when used to top off frying vats which are already partially filled with hot oil. The patented Oilmatic system also eliminates the need to remove hot oil from the fryer vat by the conventional method of draining the oil into a bucket, and then manually transporting the bucket contents to a storage tank, which is often provided at a remote area of the facility's parking lot.

17. Restaurants that have installed the patented Oilmatic system include well-known restaurant chains such as Houlihans and Applebees, as well as local restaurants such as Klee's Bar & Grill and Jersey Shore Chicken, both having only single facilities in New Jersey.

18. Some customers utilize the patented Oilmatic system in conjunction with a filter system. The filter system may be built into a fryer vat, or may be a separate portable unit.

19. At all relevant times during any filtering process, the Dipstick™ nozzle of the patented Oilmatic system remains separate and apart from the fryer vat and filter unit.

## RTI'S WRONGFUL CONDUCT

20. RTI is a direct competitor of Oilmatic in the bulk cooking oil distribution and management industry.

21. Oilmatic is informed and believes, and on this basis alleges, that RTI has an ownership interest in United States Patent No. 5,249,511 ("the '511 Patent"), which is directed to a bulk cooking oil distribution and waste removal system. The '511 Patent generally teaches a bulk cooking oil distribution and waste removal system comprising, among other components, a filter station, a waste station, a supply station, a fryer station, pump means, control means, and piping for moving oil along preselected pipe paths connecting each of the components.

22. Beginning in approximately August 2005, RTI and its representatives and agents began a campaign of threatening customers of the patented Oilmatic system with allegations of infringement of the '511 Patent, even though the claims were baseless and unwarranted.

23. RTI, its representatives and/or agents, claimed in written communications that the customers' use of "Oilmatic bulk cooking oil supply and management system

with filtering equipment" meets all of the limitations of one or more claims of the '511 Patent.

24. Upon information and belief, RTI has pursued such claims with knowledge that the scope of it's claimed invention is not sufficiently broad to cover the systems provided by Oilmatic and/or utilized by Oilmatic's customers.

25. Nevertheless, on November 8, 2005, RTI acted on its threats and sued Oilmatic's customer Jersey Shore Chicken in Civil Action No. 05-5356, now pending in the United States District Court for the District of New Jersey.

26. Also on November 8, 2005, RTI sued Oilmatic's customer Klee's Bar & Grill in Civil Action No. 05-5358, now pending in the United States District Court for the District of New Jersey.

27. RTI, its representatives and/or agents, have subsequently directly contacted other of Oilmatic's customers and prospective customers, to inform them of the alleged infringements and existing patent lawsuits, and to threaten them with same.

28. RTI, its representatives and/or agents, have also told Oilmatic's customers that RTI intended to sue Oilmatic.

29. Such contacts, between on the one hand, RTI and its representatives and agents, and on the other hand, Oilmatic's customers and potential customers, are tortiously interfering with Oilmatic's business relations between both existing customers and potential customers, and are causing irreparable damage in that a cloud of uncertainty has been placed on the Oilmatic system throughout the industry, tainting relations between Oilmatic and its potential and present customers.

30. Upon information and belief, it is likely that after a reasonable opportunity for further investigation or discovery, it will be found that by virtue of these wrongful acts, RTI has obtained contracts to install its systems from potential customers of Oilmatic in lieu of the patented Oilmatic system.

## FIRST CLAIM FOR RELIEF
### Tortious Interference With Business Relations

31. Each of the foregoing allegations is incorporated by reference as if fully set forth at length herein.

32. RTI and Oilmatic are direct competitors in the bulk cooking oil distribution and management industry.

33. RTI has intentionally, and without justification or excuse, interfered with Oilmatic's pursuit of contractual business relations.

34. RTI has interfered knowing that Oilmatic had a reasonable expectation of economic advantage through such relations and that there is a reasonable probability that the interference would cause the loss of the prospective gain.

35. RTI has unreasonably and actually interfered with the contractual relations of Oilmatic and its customers.

36. RTI's actions are fraudulent, dishonest, and/or illegal.

37. Such acts constitute tortious interference with business practices in violation of the common law of the State of New Jersey.

38. The aforesaid acts by RTI were committed willfully, knowingly, maliciously, and in conscious disregard of Oilmatic's rights.

39. The aforesaid acts by RTI have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Oilmatic's property and business.

40. Oilmatic has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Illegal Attempt To Monopolize In Violation Of The Sherman Act

41. Each of the foregoing allegations is incorporated by reference as if fully set forth at length herein.

42. Bulk cooking oil supply and management systems are a relevant market for antitrust purposes.

43. RTI's lawsuits and threats of patent infringement against Oilmatic and its customers are objectively baseless and subjectively motivated to impose anticompetitive consequences on the market for bulk cooking oil supply and management systems.

44. RTI filed sham and baseless lawsuits against Oilmatic's customers, Jersey Shore Chicken, and Klee's Bar & Grill, to enforce RTI's patent in order to coerce and intimidate its competitors, to coerce and intimidate customers of its competitors, and to coerce and intimidate potential customers of its competitors.

45. RTI is acting with specific intent to monopolize the market for bulk cooking oil supply and management systems.

46. If RTI continues to wrongfully enforce the '511 Patent, and if Oilmatic did not continue to oppose RTI's baseless claims, there is a dangerous possibility that RTI

would succeed in monopolizing the market for bulk cooking oil supply and management systems.

47. As a direct and proximate result of RTI's unlawful and anticompetitive conduct, Oilmatic has suffered antitrust injury in having to incur defense costs to defend itself and its customers against RTI's sham and baseless claims.

48. The aforesaid acts by RTI were committed willfully, knowingly, maliciously, and in conscious disregard of Oilmatic's rights.

49. RTI has violated Section 2 of the Sherman Act, 15 U.S.C. § 2.

50. Oilmatic is entitled to recover from RTI threefold the damages it has sustained, including three times all attorney fees and costs incurred in defending against RTI's lawsuits and claims. In addition, Oilmatic is entitled to the cost of presenting this counterclaim, including reasonable attorney fees.

51. Oilmatic is entitled to an injunction to prevent RTI from filing or threatening to file future litigations to enforce RTI's invalid '511 Patent.

### THIRD CLAIM FOR RELIEF
### Patent Misuse

52. Each of the foregoing allegations is incorporated by reference as if fully set forth at length herein.

53. Neither Oilmatic nor its customers infringes any claim of the '511 Patent.

54. RTI has improperly asserted the '511 Patent as part of a scheme to misuse the '511 Patent.

55. RTI's coercive acts relative to enforcement of its invalid '511 Patent constitute patent misuse.

56. The aforesaid acts by RTI were committed willfully, knowingly, maliciously, and in conscious disregard of Oilmatic's rights.

57. The aforesaid acts by RTI have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Oilmatic's property and business.

58. Oilmatic has no adequate remedy at law

## FOURTH CLAIM FOR RELIEF
### Common-Law Unfair Competition

59. Each of the foregoing allegations is incorporated by reference as if fully set forth at length herein.

60. RTI has published disparaging assertions against Oilmatic and its patented bulk cooking oil distribution and management system, with the intent to hinder Oilmatic's business.

61. The aforementioned acts by RTI constitute unfair competition and unfair business practices contrary to the common laws of the United States and the State of New Jersey.

62. The aforesaid acts by RTI were committed willfully, knowingly, maliciously, and in conscious disregard of Oilmatic's rights.

63. The aforesaid acts by RTI have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Oilmatic's property and business.

64. Oilmatic has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### Unfair Competition Under N.J.S.A. § 56:4-1 *et seq.*

65. Each of the foregoing allegations is incorporated by reference as if fully set forth at length herein.

66. RTI's acts with regard to potential and present customers of Oilmatic's constitute acts of unfair competition in violation of N.J.S.A. § 56:4-1 *et seq.*

67. The aforesaid acts by RTI were committed willfully, knowingly, maliciously, and in conscious disregard of Oilmatic's rights.

68. The aforesaid acts by RTI have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Oilmatic's property and business.

69. Oilmatic has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### Tortious Interference With Prospective Economic Advantage

70. Each of the foregoing allegations is incorporated by reference as if fully set forth at length herein.

71. RTI and Oilmatic are direct competitors in the bulk cooking oil distribution and management industry.

72. RTI has intentionally, and without justification or excuse, interfered with Oilmatic's pursuit of potential economic or contractual business relations.

73. RTI has interfered knowing that Oilmatic had a reasonable expectation of economic advantage through such relations and that there is a reasonable probability that the interference would cause the loss of the prospective gain.

74. RTI has unreasonably and actually interfered with the potential economic or contractual relations of Oilmatic and potential customers.

75. RTI's actions are fraudulent, dishonest, and/or illegal.

76. Such acts constitute tortious interference with prospective economic advantage in violation of the common law of the State of New Jersey.

77. The aforesaid acts by RTI were committed willfully, knowingly, maliciously, and in conscious disregard of Oilmatic's rights.

78. The aforesaid acts by RTI have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Oilmatic's property and business.

79. Oilmatic has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### Declaratory Judgment Of Noninfringement And Invalidity Of U.S. Patent No. 5,249,511

80. Each of the foregoing allegations is incorporated by reference as if fully set forth at length herein.

81. Oilmatic is informed and believes, and on this basis alleges, that RTI has an ownership interest in the '511 Patent.

82. Oilmatic has a reasonable apprehension that it, and/or its customers, will be sued by RTI for infringement of one or more claims of the '511 Patent.

83. Indeed, at least two of Oilmatic's customers, Jersey Shore Chicken and Klee's Bar & Grill, have been sued for infringement of the '511 Patent.

84. Upon information and belief, if the scope of the '511 Patent is found to cover what it is asserted by RTI to cover, the '511 Patent is invalid under at least 35 U.S.C. §§ 102, 103, and/or 112.

85. RTI has improperly asserted the '511 Patent as part of a scheme to misuse the '511 Patent. As a result of RTI's misuse, the '511 Patent is unenforceable.

86. As a result of the facts alleged above, an actual, justifiable controversy exists between Oilmatic and RTI regarding the '511 Patent.

87. Oilmatic requests a declaratory judgment that the '511 Patent is invalid.

88. Oilmatic requests a declaratory judgment that Oilmatic and its customers do not infringe any claim of the '511 Patent.

89. By virtue of the acts of RTI, Oilmatic has been caused, and will continue to be caused, irreparable injury.

90. Oilmatic has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Oilmatic demands judgment as follows:

A. A judgment that U.S. Patent No. 5,249,511 is not infringed by Oilmatic or its customers;

B.  A preliminary and permanent injunction enjoining RTI, its officers, directors, agents, servants, employees, and attorneys, as well as those in active concert or participation therewith, who receive actual notice of the order by personal service or other, from asserting or threatening Oilmatic or its customers with any claim of patent infringement based on the '511 Patent;

C.  A declaration that the '511 Patent is invalid;

D.  An order requiring RTI to account to Oilmatic for any and all profits derived by RTI as a result of the acts complained of herein;

E.  An order directing that RTI pay over to Oilmatic all damages that RTI has caused as a consequence of the acts complained of herein, and directing that Oilmatic be awarded RTI's profits derived by reason of said acts, as determined by said accounting;

F.  An award of damages pursuant to the Sherman Act, 15 U.S.C. § 2;

G.  An order directing RTI to pay over to Oilmatic three times all attorney fees and costs incurred in defending against RTI's lawsuits and claims, pursuant to 15 U.S.C. § 15;

H.  An award to Oilmatic for the costs incurred in presenting the antitrust counterclaim, including reasonable attorney fees pursuant to 15 U.S.C. § 15;

I.  An order requiring RTI to pay treble the amount of compensatory damages pursuant to the provisions of 35 U.S.C. § 284;

J.  An award of Oilmatic's reasonable attorney fees and expenses, pursuant to the provisions of 35 U.S.C. § 285; and

K.  Such other relief that the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff Oilmatic demands a trial by a jury of twelve on issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Oilmatic
Systems, LLC*

Dated: January 25, 2006

By: _____
Stephen F. Roth

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Oilmatic nor Oilmatic's attorneys is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, except that Oilmatic Systems, LLC ("*Oilmatic*") and Oilmatic's attorneys are aware that Civil Action No. 05-5356 and Civil Action No. 05-5358 are pending in the United States District Court for the District of New Jersey, before Judge Mary L. Cooper.

Dated: January 25, 2006

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Oilmatic
Systems, LLC*

By: _____
Stephen F. Roth